UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CALVIN FOGG,

    Plaintiff,

v.

GAIL WATTS and
OFFICER AGONMUO,

    Defendants.

Civil Action No. TDC-21-2757

## MEMORANDUM ORDER

Self-represented Plaintiff Calvin Fogg filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants Gail Watts and Officer Agonmuo violated his constitutional rights by allowing him to be assaulted by other detainees at the Baltimore County Detention Center ("BCDC") in Towson, Maryland. Defendants have filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. Although the Court provided notice of the Motion to Fogg, informed him of his right to file a memorandum in opposition to the Motion, and advised him that the failure to do so could result in dismissal of the case, Fogg has not filed a response to the Motion. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

In his Complaint, Fogg states that on October 29, 2020, while he was detained at BCDC, Defendant Officer Agonmuo opened Fogg's cell door to deliver commissary items. When Fogg turned around to put his food away, a group of inmates entered his cell and assaulted him. Fogg alleges that the inmates had asked Officer Agonmuo to open the door and that Officer Agonmuo

had complied, in violation of BCDC policy. Fogg claims that Defendant Gail Watts, the Director of BCDC, contributed to the harm by failing to provide proper training to Officer Agonmuo. He asserts that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He seeks $500,000 in damages as well as injunctive relief in the form of release from BCDC.

## DISCUSSION

In their Motion, Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56 on the grounds that: (1) Fogg failed to exhaust administrative remedies; (2) Fogg did not establish supervisory liability on the part of Watts; (3) Defendants were not deliberately indifferent to a substantial risk of physical harm to Fogg; and (4) Defendants are entitled to qualified immunity. Because the Court concludes that Fogg failed to exhaust administrative remedies prior to filing this lawsuit, the Motion will be granted, and the Court need not address the remaining arguments.

### I.   Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not

2

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Under Rule 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## II.    Exhaustion of Administrative Remedies

Defendants assert that this case should be dismissed because Fogg has failed to exhaust administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

3

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable: when officers are "unable or consistently unwilling to provide any relief to aggrieved inmates," when the procedure is "so opaque that it becomes, practically speaking, incapable of use," or when "prison administrators thwart inmates from taking advantage of [filing grievances] through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643–44.

In his Complaint, Fogg has specifically acknowledged that he did not file any grievance relating to the claims raised in his Complaint. Because the PLRA requires inmates to pursue and exhaust all available administrative remedies before filing suit, and Fogg failed to do so, his claims must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, ECF No. 17, is GRANTED.
2. Fogg's Complaint, ECF Nos. 1, 6, is DISMISSED WITHOUT PREJUDICE.
3. The Clerk shall CLOSE this case and shall SEND a copy of this Order to Fogg.

Date: February 27, 2023

THEODORE D. CHUANG
United States District Judge